**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000617
15-JUN-2017
08:28 AM**

NO. CAAP-16-0000617

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
MICHAEL YELLEN, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(CASE NO. 3DTI-16-010565)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, and Reifurth and Ginoza, JJ.)

Defendant-Appellant Michael Yellen, pro se, appeals from a "Judgment After Trial De Novo & Notice Of Entry Of Judgment," entered on August 30, 2016, in the District Court of the Third Circuit, North and South Hilo Division ("District Court").[1]  The District Court entered judgment in favor of Plaintiff-Appellee State of Hawai'i after finding that Yellen committed one count of Noncompliance With Speed Limit, in violation of Hawaii Revised Statutes section 291C-102(a)(1) (2007).[2]

On appeal, Yellen argues that the District Court (i) erred in finding that he committed the offense and violated his constitutional rights because the police officer who cited him did not advise him of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), prior to questioning him; and (2) erred in

---

[1]  The Honorable Henry T. Nakamoto presided.

[2]  "A person violates this section if the person drives . . . [a] motor vehicle at a speed greater than the maximum speed limit other than provided in section 291C-105[.]"  Haw. Rev. Stat. § 291C-102(a)(1).

denying his request for issuance of a subpoena duces tecum.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Yellen's points of error as follows.

Yellen has failed to comply with Hawaiʻi Rules of Appellate Procedure Rule 28(b)(4), which provides that the opening brief must include citations to the record where the alleged error occurred and was objected to or brought to the court's attention. Further, he has failed to meet his burden to provide a transcript of the proceedings relevant to his points of error. *See* Haw. R. App. P. 10(b)(1)(A). However, "this court has consistently adhered to the policy of affording litigants the opportunity to have their cases heard on the merits, where possible." *Bettencourt v. Bettencourt*, 80 Hawaiʻi 225, 230, 909 P.2d 553, 558 (1995); *see Thomas-Yukimura v. Yukimura*, 130 Hawaiʻi 1, 10 n.19, 304 P.3d 1182, 1191 n.19 (2013) (holding that trial transcripts are not always necessary for appellate review if "it is possible to determine that the [trial] court erred without recourse to the transcript.")

Yellen's first point of error lacks merit. A police officer is not required to advise a driver of his or her *Miranda* rights before asking routine questions necessary to investigate a traffic infraction. *See* Haw. Rev. Stat. § 291D-2 & -3(a) (2007); *State v. Kauhi*, 86 Hawaiʻi 195, 204, 948 P.2d 1036, 1045 (1997) (holding that two criteria are required before *Miranda* rights must be given: "(1) the defendant must be under interrogation; and (2) the defendant must be in custody"); *Berkemer v. McCarty*, 468 U.S. 420, 440 (1984) ("persons temporarily detained pursuant to [a routine traffic stop] are not in custody for the purposes of Miranda"; *State v. Wyatt*, 67 Haw. 293, 299, 687 P.2d 544, 549-50 (1984) (holding that *Miranda* warnings were not required after defendant was stopped for driving with unlit headlamps, in violation of the city traffic code, and asked for her driver's license and other documentation, where the circumstances did not show that the defendant was in custody or being interrogated). Therefore, Yellen has not established the violation of any

constitutional right.

Based on the limited record before us, we cannot ascertain whether or how the District Court "denied" his subpoena duces tecum, although it appears to have been served; or whether the State actually failed to produce the evidence Yellen sought to compel and, if so, why. We cannot determine whether Yellen objected to any failure to comply with the subpoena, or whether Yellen's cross examination of the police officer who issued the ticket was impeded by the lack of any evidence sought by the subpoena. Because the record on appeal is insufficient, the court cannot consider the merits of Yellen's second point of error. *See* Haw. R. App. P. Rule 10(b)(1)(A); *Bettencourt*, 80 Hawai'i at 230, 909 P.2d at 558. Therefore, we disregard the point. *See* Haw. R. App. P. 28(b)(4).

Therefore, IT IS HEREBY ORDERED that the "Judgment After Trial De Novo & Notice Of Entry Of Judgment," entered on August 30, 2016, in the District Court of the Third Circuit, North and South Hilo Division, is affirmed.

DATED: Honolulu, Hawai'i, June 15, 2017.

On the briefs:

Michael Yellen,
Pro Se Defendant-Appellant.

Christopher K. Rothfus,
Deputy Prosecuting Attorney,
County of Hawai'i,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

3